# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| FRISCO FERTILITY CENTER, PLLC, d/b/a DALLAS IFV, § § § | |
| *Plaintiff,* § § | |
| v. § § | Civil Action No. 4:23-CV-617 |
| § | Judge Mazzant |
| JULIAN ESCOBAR, M.D., and EH FERTILITY PLLC, d/b/a CONCEIVE FERTILITY, § § § § | |
| *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Rule 12(b)(6) Motion to Dismiss (Dkt. #22) and Defendants' Opposed Motion for Leave to File Supplemental Brief in Support of their Motion to Dismiss (Dkt. #55). Having considered the motions and the relevant pleadings, the Court finds that the motions should be **DENIED**.

### BACKGROUND

Frisco Fertility Center, PLLC brought claims for violations of the Defend Trade Secrets Act, violations of the Computer Fraud and Abuse Act, knowing participation in breach of fiduciary duty, and tortious interference with contract against Defendants Julian Escobar, M.D. and EH Fertility PLLC (Dkt. #1) (the "Defendants").

On September 15, 2023, the Defendants filed their Rule 12(b)(6) Motion to Dismiss (Dkt. #22). On October 13, 2023, Frisco Fertility Center, PLLC filed its response (Dkt. #32). On October 27, 2023, the Defendants filed their reply (Dkt. #37). On February 27, 2024, the

Defendants filed an opposed motion for leave to file a supplemental brief in favor of their motion to dismiss (Dkt. #55; Dkt. #56).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

After reviewing the current complaint, and the arguments contained in the briefing, the Court finds that Frisco Fertility Center, PLLC has stated plausible claims for relief. The contents of the Defendants' proposed Supplemental Brief in Support of their Motion to Dismiss does not impact this finding (Dkt. #56).

## CONCLUSION

It is therefore **ORDERED** that Defendants' Rule 12(b)(6) Motion to Dismiss (Dkt. #22) is **DENIED**.

It is further **ORDERED** that Defendants' Opposed Motion for Leave to File Supplemental Brief in Support of their Motion to Dismiss (Dkt. #55) is **DENIED as moot.**

**IT IS SO ORDERED**.

SIGNED this 4th day of March, 2024.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE